NOTICE OF CLAIM
STATE OF FLORIDA DISTRICT COURT
COUNTY OF MONROE
Index#_____2014
-------------------------------------x
    COMPLAINT VERIFIED
EMMETT W CALDWELL Plaintiff
      vs
COUNTY OF MONROE;
CLERK MONROE COUNTY
MONROE COUNTY ATTORNEY FOR ASSESSOR
MONROE TAX ASSESSOR Dansie Henriquez
STATE OF FLORIDA ETAL Defendants
UN CONSTUTIONAL FLORIDA STATUE 768.28/31
-------------------------------------x

COMPLAINT VERIFIED FOR RELIEF

15-cv-102015-Martinez/Goodman

THE FOLLOWING SWORN TRUE UNDER OATH FACTS KNOWN TO PLAINTIFF PERSONALLY

    1ST CAUSE OF ACTION

1) PLAINTIFF PURCHASED TWO CERTIFIED MONEY ORDERS FOR APPROX 4,400.00 TO PAY DEPOSIT FOR TWO LOTS BEING AUCTIONED 00492 40000000 146238
00492 41000000 146238

2) PLAINTIFF ARRIVED IN MARATHON AT 8 AM AND BUS TO KEY WEST LEFT JUST PRIOR & ARRIVED IN KEY WEST AUCTION LATE LOTS UNSOLD

2b) At the time of this Tax Deed Auction Florida had no statue or No rule Requireing Countys to transfer tax certificate ownership to new owner nor allow sale of tax certificate After No Bid At Auction

2c) Parg 2b restated + incorperated herein by refrence said existing applicable rules Fail + continue to Fail to require due process + equal protection of the law & prevent interstate commerce of sale of tax certificate between different state residents + is unconstitionally vague As County Attorneys + Clerks + Assesor in Monroe county could not undelstand said rules + statues require or should requires Tax Collector et al to transfer ownership of tax certificate After A No Bid on Tax Deed disposite

2d) Unconstutional statue 768.28/31 + applicable rules

3) PLAINTIFF ARRIVED IN KEY WEST APPROX 12 LOTS HAD NOT SOLD NO BIDS
PLAINTIFF AT FIRST WAS INFORMED HE COULD BUY RIGHTS TO LOTS BY PAYING CERTIFICATE
OWNER LATTIG TO SIGN A TRANSFER OF CERTIFICATE APPLICATION THEN PRESENT THE
APPLICATION TO THE TAX COLLECTOR AND THEREAFTER PAY FEES TO RECORD AND TAX
STAMPS
TO OWN THE LOT UNSOLD

4) PLAINTIFF CONTRACTED WITH OWNER OF CERTIFICATE (KARL LATTIG )NEGOCIATED
FOR SALE OF CERTIFICATE FOR THE AMOUNT HE HAD PAID APPROX $ 4,400.00 EACH LOT

4B) CLERK AND LATTIG INSTRUCTED PLAINITFF TO GET THE APPLICATION FOR TRANSFER
PAPERS FROM THE TAX ASSESSOR AND PAY LATTIG INVESTED SUMS $ 8,800.00 FOR HIM TO
SIGN
APPLICATION PLAINTIFF WOULD PRESENT TO COLLECTOR FOR PROCESSING

4C) TAX COLLECTOR AND HER ATTORNEY ATTORNEY AFTER READING STATUEAS AN D
ADMN POLICYS STATED TAX COLLECTOR COULD NOT AND WOULD NOT ACCEPT
THE APPLICATION FOR TRANSFER OF TAX DEED AFTER NO BID AUCTION
BECAUSE OF FACT IT HAD ALREADY GONE TO AUCTION"

4D)TAX COLLECTOR ON PLAINITFF LEAVING BUILDING HAVING RECIVED THEIR ATTORNEYS
3 MINUTE CALL IN BATHROOM CALLED POLICE HAD PLAINTIFF TRUSPASSED FROM TAX
COLLECTORS BUILDING ON FALSE PRETEXT OF HAVING HAD ACTED "BELIGERANT"
ACCORDING TO POLICE FALSELY IN RETALIATION TO GETTING TRANSFER OF TAX
CERTIFICATE FORM DEFENDANT HENRRIQUEZ REFUSED TO PROVIDE OR PROCESS

5)PLAINTIFF INFORMED TAX ASSESSOR CERTIFICATE OWNER ADVISED TO GET
TRANSFER OF TAX CERTIFICATE FORM AND HE WOULD SELL IT FOR OPENING BID
AMOUNT HE PAID TO COUNTY FOR EACH LOT

5A) PLAINITFF KNEW TOLD HER SHE WAS WRONG AFTER A AUCTION WHERE PARCEL DID
NOT SELL CERTIFICATE COULD BE TRANSFERRED SHE GOT RUDE TO PLAINTIFF AFTER
PLAINITFF INSISTED TO GET TRANSFER CERTIFICATE PAPERWORK IN CASE TAX CERTIFICATE
COULD BE SOLD AS PLAINITFF BELIVED

5B) PLAINTIFF EMMETT W CALDWELL ENTERED TAX COLLECTORS
OFFICE AND WAS GIVEN PAPERWORK TO TRANSFER TAX DEED WITHOUT INCIDENT
OR RUDENESS BY ANY COUNTY EMPLOYEES NOR ANY COMMENTS AND WAS ARRESTRED
AND TRUSPASSED BY POLICE ON TAX COLLECTORS FALSE CLAIM PLAINTIFF HAD BEEN
BELIGERANT

5C) PARAGRAPH 6B RESTATED AND INCORPERATED HEREIN BY REFRENCE ,MONROE
COUNTY ATTORNEY ,MONROE COUNTY CLERK AND MONROE COUNTY TAX ASSESSOR
ALL CONSPIRED TO DENY PLAINITFFS LEGAL RIGHT TO PURSHACE SADI CERTIFICATE
IN GOROSS NEGLIGENCE UNDER COLOR OF LAW IN DENIAL OF DUE PROCESS AND IN
DISCRIMINATION

5D) PLAINTIFF SUFFERED LOSS OF $ 50,000.00 IN STOCK TRADEING LOSSES DUE TO
ANXIETY AND FLASHBACKS OF THIS INCIDENT DUE TO REFUSAL OF MONROE COUNTY
TO ALLOW PLAINITFF TO BUY TAX DEED CERTIFICATE FROM OWNER AS THEY
WOULD NOT HONOR NOR FILE OR TRANSFER EVEN IF PLAINTIFF HAD PAID OWNER
JOHN DOE

5E) PLAINITFF LOST ADDED $150,000.00 IN PROFITS HAD HE PURCHASED THEN TRANSFERED
TAX DEED CERTIFICATES FROM OWNER ▓▓▓▓▓ AS HOLDER OF CERTIFICATES AS LOTS
WERE RESOID + UNSOLD AT 2ND AUCTION CLERK FAILED DUTY
PROMISED TO NOTIFY PLAINTIFF OF 2ND AUCTION RELIED UPON

BECAME OWNER AFTER 2ND UNSOLD AUCTION PLAINITFF WAS NOT ADVISED OF
TIME AND DATE AS PROMISED BY COUNTY TAX DEED CLERK

5F) DEFENDANT COUNTY CLERK AND TAX ASSESSOR KNOWINGLY OR INCOMPETENTLY
REFUSED TO ALLOW PLAINTIFF TO PURCHASE LOT BY TRANSFER OF TAX CERTIFICATE
TO PLAINTIFF BY STATEING THAT WAS AGAINST THE STATUES AND THEY WOULD NOT
ACCEPT APPLICATION FOR TRANSFER AFTER PLAINTIFF HAD PAID KARL LATTIG THE 8800.00
PREVENTING SAID PAYMENT TO CERTIFICATE HOLDER FOR EXECUTEING SAID APPLICATION
WHICH PAYMENT TO LATTIG WAS DUE PRIOR TO HIS EXECUTEING TRANSFER OF TAX DEED
CERTIFICATE

5G) TAX COLLECTOR & TAX COLLECTOR ATTORNEY KNEW AND SHOULD HAVE KNOWN (+HAD DUTY OWED TO
THE UNCONSTUTIONALLY VAGUE STATUE AND ADMINUSTRATIVE POLICY 93-5 ALLOWED
PLAINITFF TO PURCHASE TAX DEED CERTIFICATE COUNTY AFTER NO SALE AT TAX DEED
AUCTION. + VIOlATED DUE PROCESS EQUAL PROTECTION + PROXIMATLY CAUSED LOSSES
BY REFUSEING TO LET PlAiNTIFF BE TRANSFERED CERTIFICATES OWNERSHIP.
5H ATTORNEY WAS WRONG
TAX DEED CERTIFICATE FROM OWNER AS ALLOWED BY LAW BEFORE 2DN AUCTION
PROXIMATE CAUSE OF PLAINTIFFS INJURYS LEADING TO HEADACHES NIGHTMARES
PROPERTYLESSNESS, LOST PROFITS AND ANXIETY DISTRUBED STOCK TRADEING TO
MAKE UP LOSS CAUSED BY COUNTYS WRONGUL ACTS COMPLAINED SUBJECT OF THIS
ACTION; ALL PERMENANT INJURYS UPON INFO AND BELIEF

2ND CAUSE OF ACTION WRONGFUL ARREST FALSE POLICE REPORT

5H) PArg 2A Restated herein + incorperated by refrence
6) CLERK STATED SHE WOULD CONSULT HER ATTORNEY TO DETERMINE IF I COULD
BE TRANSFERRED THE TAX DEED CERTIFICATE AFTER A AUCTION WHERE THE
PROPERTY DID NOT SELL ATTORNEY STATED STATE LAW FORBID FERTIFICATE
TRANSFERS AFTER A TAX DEED LOT HAS BEEN PlACED FOR SAlE
6A) PARG 4D RESTATED HEREIN

6B) PLAINITFF WAS IN BATHROOM WHEN CALL FROM CLERKS ~~~~~~ ATTORNEY
ADVISED PLAINTIFF HE HAD READ THE STATE STATUE WHICH PROHIBITED SALE
OF THE TAX DEED CERTIFICATE AFTER AUCTION WHERE TAX DEED CERTIFICATE
DID NOT SELL AND INSTEAD THE CERTIFICATE OWNER AUTOMATICALLY OWNER OF
PROPERTY, THAT PLAINITFF COULD NOT RECIVE A TRANSFER OF OWNERSHIP OF
TAX
CERTIFICATE ONCE A TAX AUCSION OCCURRED AND PROPERTY DID NOT SELL FOR THAT LOTS
WOULD BE RESOLD INSTEAD OF BEING TRANSFERRED TO TAX CERTIFICATE OWNER IF NO
COMPLIANCE IN 24 HOURS WITH DEPOSIT + TAX FEE REQUIREMENTS
7) PLAINTIFF LEFT BATHRROM AFTER TAKING CALL AND ON EXITING BUILDING AFTER GETTING FORM(1)
WAS FALSELY ARRESTED BY POLICE WHO ORDERED PLAINTIFF TO SURRENDER ID
AND STAND IN ONE SPOT DUE TO COMPLAINIT FROM TAX COLLECTOR THAT PLAINTIFF HAD DemAn
+ CAUSED A INCIDENT AND WAS BELIGERANT IN BUILDING    (1) FORM TO TRANSFER CertiFic
                                                       Herriquez REFUSED
8) POLICE MAN STATED THE TAX COLLECTOR MAINTAINED LIABL SLANDEROUS "ACTED BEllIG
~~~ CRIMINAL CHARGES BUT DESK CLERK WHO DELT WITH PLAINTIFF DID NOT    PIAiNTiFF
AGREE WITH THE CRIMINAL CHARGES OF THE TAX COLLECTOR DONE TO PUNISH PlAiNTiFF
GETTING TAX DEED FORM CLERK REFUSED + TO GIVE PlAINTIFF         REVERSE
9) POLICEMAN TRUSPASSED PLAINTIFF FROM TAX COLLECTORS BUILDING UNTIL HE   R
HE REALIZED THAT TAX COLLECTOR HAD A CONFLICT OF INTREST AND THERE WAS DESK CLERK
+ WITTNESS IN TAX COLLECTORS OFFICE WHO DENIED PLAINTIFF HAD ACTED IN ANY ATE TO
BELIGERANT MANNER AS COMPLAINIED BY DEFENDANT TAX COLLECTOR FALSELY TO PUNISH
PlAiNTiFF FOR GETTING TAX DEED FORM TRANSFERING CertiFic PlAiNTiFF
10) PLAINTIFF WAS SUBJECT TO PUBLIC REDICULE SUFFERS DURESS STRESS,
NIGHTMARES, FLASHBACKS, AFTER BEING DETAINED DUE TO DEFENDANT TAX
COLLECTOR            FALSE POLICE REPORT WHICH  WAS IN RETALIATION
FOR PlAiNTIFFS DEMAND FOR A TAX DEED CERTIFICATES TRANSFER
FORM

## UNCONSTUTUIONALL VAGUE ADMINISTRATIVE POLICY 93-5

11) FL ADM POLICY 93-5 IS UNCONSTUTIONALLY VAGUE BY FAILING TO STATE WITH CERTAINTYITY
IN LANGUGE A PERSON OF COMMON KNOWLEDGE CAN UNDERSTAND BY OMMITTING ANY REFRENCE TO THE RIGHT OF A CERTIFICATE HOLDER TO SELL IE TRANSFER HIS TAX DEED CERTIFICATE AFTER A TAX DEED AUCTION IS CONDUCTED AND THERE IS NO BID

12) DUE TO THE UNCONSTUTIONAL VAGUENESS AND FAILURE TO ALLOW OR DISALLOW THE TRANSFER OF TAX DEED CERTIFICATE PLAINITFF WAS PROXIMATELY HARMED

13) THE COUNTYS TAX COLLECTOR AFTER READING THE ADMINISTRATIVE POLICY DETERMINED IT DID NOT ALLOW FOR TRANSFER OF TAX DEED CERTIFICATE AFTER A NO BID TAX DEED SALE DUE TO THE ABSCENCE OF ANY SPECIFIC REFRENCE DUE TO UNCONSTUTIONAL VAGUENESS DENYING INTERSTATE COMMERCE
AS FUNDS TO PURCHASE SAID CERTIFICATE ORIGINATED OUT OF STATE AND DENYING DUE PROCEESS AND EQUAL PROTECTION ALSO AND CONSTUTIONAL PROHIBITION FROM BEING UNCONSTUTIONALLY VAGUE

14) A CERTIFICATE HOLDER REQUIRES TRANSFEREE TO PAY IN ADVANCE TO HIM AMOUNTS HE HAS INVESTED IN TAX DEED CERTIFICATE PRIOR TO EXECUTEING THE TAX DEED CERTIFICATES TRANSFER PAPERWORK
WHICH SERVES AS A BILL OF SALE

15) BY REFUSEING TO ACCEPT A EXECUTTED TRANSFER OF TAX DEED CERTIFICATE APPLICATION THE TAX

COLLECTOR PREVENTED THE PLAINITFF FROM BUYING THE TAX DEED CERTIFICATE FROM LATTIG & PAYING

THE TAX DEED CERTIFICATE HOLDER IN ADVANCE AS REQUIRED FOR SELLING THE CERTIFICATE.

16) THE ACT OF SELLING THE TAX CERTIFICATE TO PLAINTIFF WAS TO BE CONSUMATED

BY THE TAX DEED CERTIFICATE OWNERS ACT OF THE EXECUTION OF THE TRANSFER APPLICATION.

THE ACT OF MR LATTIG IN EXECUTEING THE TAX DEED CERTIFICATE TRANSFER APPLICATION WAS THUS

PREVENTED IE SALE OF INTREST TO THE PROPERTY SUBJECT OF THIS ACTION ,SAID REQUIRED PAYMENT IN

ADVANCE OF $ 8,800.00 CASH LATTIG HAD INVESTED WHICH MIGHT NOT BE RECOVERED FROM TAX DEED

CERTIFICATE SELLER LATTIG AND WAS POINTLESS AS TAX COLLECTOR WAS REFUSEING TO ACCEPT IT

BASED ON A READING OF NO LEGAL RIGHT TO TRANSFER AFTER A NO BID TAX DEED AUCTION DUE TO

UNCONSTUTIONALLY VAGUE STATUE AND ADMINISTRATIVE POLICY 93-5

BY THE PROCESS OF APPLYING POTENTIAL NEW CERTIFICATE HOLDER PAYING THE CURRENT CERTIFICATE HOLDER THE FULL AMOUNT PAID BY HIM TO THE COUNTY

## UNCONSTITUTIONAL VAGUE STATUE

17) FL STATUE 197.472 IS UNCONSTUTIONALLY VAGUE AS AFORMENTIONED IN PARG
PERSONS OF COMMON KNOWLEDGE CANNOT DISCERN THE MEANING OF THE STATUE
IN THAT REGARD;AS MONROE COUNTY ATTORNEY ADVISED PLAINTIFF AFTER
READING THE STATUE(S )INCLUDEING 197.472 THAT PLAINITFF WOULD NOT
RECIVE A TRANSFER OF TAX CERTIFICATE FROM THE COUNTY AFTER TAX DEED SALE HAD
BEEN CONDUCTED WITHOUT A SALE

18)   PARG  RESTATED PLAINTFF WAS TOLD BY TAX COLLECTORS ATTORNEY  TAX COLLECTOR
WOULD NOT ACCEPT THE APPLICATION FOR TRANSFER OF TAX DEED CERTIFICATE AFETER
READING SAID STATUE

19)  FL STATUE 197.502 IS UNCONSTUTIONALLY VAGUE AS AFORMENTIONED IN PARG
RESTATED AND INCORPERATED HEREIN AS PERSON OF COMMON KNOWLEDGE AND
MONROE COUNTY CLERK AND ATORNEY CANNOT UNDERSTAND THAT IT PRECLUDES
RESALE OF A TAX DEED PROPERTY UNSOLD

20)  ON OR ABOUT  JULY 1 2014 THE LEGISLATURE AMMENDED  ADMINISTRATIVE POLICY 93-5
WHICH REQUIRED THE PARCEL WITH NO TAX DEED AUCTION TO BE TURNED OVER TO
SERTIFICATE OWNER IF HE PAY ANY AMOUNTS IN THE OPENIONG BID THAT HE HAS NOT
ALREADY PAID"..."THE DOCUMENTRY STAMPS TAX AND RECORDING FEES"."IF...NOT
PAID...SHALL PAY ...COST TO RESELL PROPERTY...FIALS TO TIMELY PAY  THE COSTS ...CLERK
SHALL ENTER THE PROPERTY ON THE LIST OF LANDS AVAILABLE FOR TAXES"

21)PRIOR THE CLERK MAINTAINED THE CERTIFICATE HOLDER HAD 24 HOURS TO PAY
DOCUMENTARY TAXES STAMPS AND RECORDING FEES UNREASONABLE UNCONSCICABEL DUE
TO UNCONSTUTIONALLY VAGUE STATUE THAT FAILED TO REASONBALY  STATE TERMS
PERSONS OF COMMON KNOWLEDGE COULD UNDERSTAND PROXIMATE CAUSE OF PLAINTIFFS
INJURYS

23)   SAID STATUES & ADMINIATRATIVE POLICYS ARE UNCONSTUTIONALY VAGUE  BY FAILING
TO STATE THAT THE COUNTY CAN IN FACT ACCEPT & PROCESS A TAX CERTIFICATE TRANSFER
AFTER A NO BID AUCTION PROXIMATE CAUSE OF PLAINTIFFS INJURYS UNDER COLOR OF LAW

        4TH CAUSE OF ACTION

24) CLERK OF COURT STATED HER ATTORNEY RON       HAD READ THE STATEUE 197    AND APPLICABLE
FLORIDA LAW AND AGREED AFTER A TAX DEED AUCTION A NO BID PROPERTY WAS NOT TRANSFERABLE
ALSO THAT THE CERTIFICATE OWNER HAD 24 HOURS TO PAY THE TAX STAMPS AND
RECORDING FEES

25) THE CLERK KNEW OR SHOULD HAVE KNOWN THAT THE FLORIDA STATUES  AND
ADMINISTRATIVE POLICYS ALOWED THE TRANSFER OF TAX DEED CERTIFICATES AFTER A NO
BID AUCTION OF TAX DEED PROPERTY
AND RECKLESS NEGLIGENTLY WITH DISREGARD OF INJURYS REFUSED TO ALLOW SAME AND
SET UNREASONABLE TIME ON PAYMENT OF TAX STAMPS AND RECORDING FEES

26)CLERKS ACTS IN CONFERING WITHT HE TAX COLLECTOR AND CONCLUDEING STAUTUE DID NOT ALLOW
TRANSFER BY LATTIG TO PLAINTIFF WAS DISCRIMINATORY AND IN PART RACEISM AS
PLAINITFF DARK SKINNED WAS TREATED UNLIKE A WHITE PERSON IN SIMULAR SITUATUION
WOULD HAVE BEEN

        5TH CAUSE OF ACTION
27) PARG 40 RESTATED HEREIN BY REFERENCE
29) PARG 2A RESTATED HEREIN BY REFRENCE
30) PARG 8 RESTATED HEREIN BY REFRENCE
31) PARG 13 RESTATED HEREIN BY REFRENCE
32) PARG 5E RESTATED HEREIN BY REFRENCE
33 PARG     RESTATED HEREIN BY REFRENCE

32) THE ACTS OF PLAINT CO. FAILED FOR DUE PROCESS & EQUAL PROTECTIN PROXIMATELY CAUSING LOSSES INJURYS & DAMAGES

PLAINITFF DEMANDS THAT THE DEFENDANTS COMPENSATE PLAINTIF $250,000.00 FOR EACH CAUSE OF ACTION FOR INJURYS AND DAMAGES COMPENSATION LOST PROFITS AND DECEPTIVE UNFAIR BUSINESS PRACTICES AND SAID STATUES DECLARED UNCONSTUTIONALL VAGUE AND OVERBROAD AND OTHER RELIEFS APPROPIATE

*[signature]*

ATTACHD
EX A,B,C.

POB 10816 MIAMI FL 33101
biz 2dev 777 @ gmail.co
786 800 6411

WHEREFORE PLAINITFF DEMANDS $ 250,000 FROM EACH DEFENDANT SEPRATELY AND SEVERALLY LIBAL AND APPROPIATE RELIEF

WHEREFORE
PLAINTIFF DEMANDS $250,000 FROM EACH DEFENDANT AND CLAIMS FOR RELEIF RESTED HEREIN COMPENSATION AND LOSSES & STATUES SUBJECT OF THIS ACTION BE DECLARED UNCONSTUTIONALLY VAGUE AND CORRECTED TO ADD ADEQUETE DEFINATIONS AND CLARITY UNVAGUE LANGUAGE OF LEGISLATURES INTENT AND APPROPIATE RELEIFS

DATED 3/11/15

_____
                            EMMETT W CALDWELL

---

**dallas jones** <biz2dev777@gmail.com>   Fri, Mar 20, 2015 at 4:36 PM
To: dallas jones <biz2dev777@gmail.com>
Cc: lattig@embarqmail.com

DEAR MR LATTIG
            I LEFT YOU OUT OF THIS STILL WANT THE
LOTS WILLL ADVISE ASAP COUNTY IS GOING TO PAY FOR THIS
THEY HAD NO RIGHT TO DENY US OPPERTUNITY TO TRANSFWER CERTIFICATE PRIOR TO 2ND SALE
  TAX COLLECTOR CALLED COPS ON ME & MADE UP FALSE CHARGES WHEN I WENT IN TO GET TRANSFER FORM AFTER REFUSEING TO PROCESS IT IF SUBMITTED FILLED OUT PER THEIR ATTORNEY
IVE BEEN ROBBED AND RE ROBBED THE COUTNY IS SUPER CORRUPT AND
[Quoted text hidden]

---

**dallas jones** <biz2dev777@gmail.com>   Tue, Mar 24, 2015 at 1:28 PM
To: rsaunders-clerk@monroe.com

DEAR MR RON SAUNDERS

            PLEASE CONFIRM RECIEPT OF
THIS NOTICE OF CLAIM UPON RECIEPT

---------- Forwarded message ----------
From: dallas jones <biz2dev777@gmail.com>
Date: Wed, Mar 11, 2015 at 3:20 PM
Subject: Fwd: notice
To: dallas jones <biz2dev777@gmail.com>
Cc: mail@monroetaxcollector.com

[Quoted text hidden]

---

**dallas jones** <biz2dev777@gmail.com>   Mon, Apr 13, 2015 at 5:26 PM
To: dallas jones <biz2dev777@gmail.com>
Cc: rsaunders-clerk@monroe.com

DEAR MR SANDERS PLEASE VERIFY YOU RECIVED THIS ON BEHALF OF THE CLERK OF COURT

    NOTICE OF CLAIMS PER FL STATUE 768.28/31 WRONGFUL ACTS

2A Defendant(s) contracted with Plaintiff for Plaintiff to Bid on Tax Deed Lots if Plaintiff complied with deposit requirements ect as he did then Failed dutys owed to allow transfer of Tax Deed Certificate refuseing same then Retaliated getting Plaintiff Arrested on False charges After plantiff got paperwork to Transfer Tax Deed Certificate Tax Collector Danise Henriquez Refused to provide in violation of Due Process & equal protection of Constitutional Mandates